## AS TO WHETHER PLAINTIFF WAS IN POSSESSION OF THE REAL ESTATE CLAIMED.

Circuit Court of Cuyahoga County.

ALBERT BARNITZ v. MARTIN F. SEBELIN ET AL.

Decided, December 11, 1911.

*Action to Quiet Title—Possession Necessary.*

An action to quiet title will be dismissed where it appears that the plaintiff is not in possession of the premises.

*M. L. Thompson* and *Bentley, McCrystal, Biggs & Staiger*, for plaintiff in error.

*E. P. Eirich and William Howell*, contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This is an action to quiet title, appealed to this court by the defendants, Louise and Julia L. Sebelin. The action can only be maintained by one in possession, and the plaintiff alleges that at the time of the commencement of this suit he was in possession.

In brief outline, the facts are that plaintiff bought a corner lot on Cedar avenue and East 105th street, in Cleveland, which by description included not only the whole of sub-lot No. 1 in an allotment previously made there, but also two feet front on Cedar avenue west of said sub-lot No. 1. The land purchased thus he leased to the defendant Martin F. Sebelin, who had the same surveyed, and built a fence on what, by the report of said survey and by his own supposition, was his west boundary line. In fact it was the west boundary line of sub-lot No. 1 in said allotment. Soon afterwards Sebelin called the plaintiff's attention to the apparent discrepancy between the Cedar avenue frontage called for by his lease and the frontage actually enclosed by him in the manner aforesaid. Barnitz said that the discrepancy might be due to the fact that two feet had been taken off in the widening of 105th street. He did not in terms affirm this to be true, and no one took any steps to verify it and,

in fact, the suggestion seems to have been unfounded. Some years later, and while Sebelin was still enjoying his said leasehold, he bought the adjacent lot west thereof, and entered into possession of the same. The parties from whom he bought it had a precarious title, but they had been in possession clear up to the line of the said fence which Sebelin had built upon the line of a pre-existing fence. Sebelin conveyed the property which he thus purchased, by deed of gift, to his wife, and she in turn devised it to her daughters, the defendants, Louise and Julia L. Sebelin, who are today in possession of the same.

It thus appears that Martin Sebelin had no intention of procuring title in derogation of his landlord's title; that he never took possession of the two feet in dispute; that neither he nor Barnitz had any other possession of said two feet than such as the law annexes by implication to a valid title, and that an actual possession by cultivation was had by plaintiff's neighbor on the west, who subsequently sold to the defendant Martin Sebelin.

We conclude, therefore, that plaintiff has not the possession necessary to enable him to maintain his action to quiet title; and there is nothing in the facts of the case to raise an estoppel on the part of Martin Sebelin or his daughters to deny plaintiff's right to possession. They can in no proper sense be said to be holding for or under the plaintiff. Whether or not, therefore, plaintiff's title is a valid one, he can not here quiet it, because he has not the possession on which such an action must be founded, and the petition must be dismissed.